MORFI ET AL., DEMANDANTES Y APELANTES, *v.* THE FAJARDO DEVELOPMENT CO., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao, en un caso sobre acción negatoria de servidumbre, levantamiento de vías y otros extremos.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1074.—Resuelto en diciembre 23, 1913.

EXPOSICIÓN DEL CASO—APROBACIÓN DEFINITIVA DEL MISMO—COMPUTACIÓN DEL

Término para Radicar la Transcripción de Autos.—La aprobación definitiva de la exposición del caso y la que ha de servir de base para computar el término para radicar la transcripción de autos en la Corte Suprema, de acuerdo con el artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de marzo 9, 1911, y la jurisprudencia anterior de este tribunal, es la que imparte el juez después que se han hecho todas las correcciones y enmiendas aceptadas por la corte y que lleva la certificación aprobatoria del juez sentenciador y no la aceptación por la corte de las enmiendas propuestas por una de las partes.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Aponte* y *Aponte.*

Abogados de los apelados: Sres. *Armstrong & Keith* y *Luis Muñoz Morales.*

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

La representación de The Fajardo Development Company *et al.,* parte demandada y apelada, presentó moción a esta Corte Suprema en 5 de diciembre corriente, para que se desestime el recurso de apelación interpuesto en 5 de diciembre de 1912 por la parte demandante, Joaquín Germán Morfi *et al.,* contra la sentencia que dictó la Corte de Distrito de Humacao en pleito sobre denegatoria de servidumbre y otros extremos, alegando como fundamento de su petición, que por orden de 7 de junio del corriente año había sido aprobado por el juez de la mencionada Corte de Distrito de Humacao, el pliego de exposición del caso con las enmiendas presentadas, sin que en la fecha de la moción se hubiera radicado aún en la Secretaría de esta Corte Suprema la transcripción del récord para la tramitación del recurso de apelación.

A dicha moción se acompañó certificación del Secretario de la Corte de Distrito de Humacao justificativa de los hechos en que aquélla se funda.

La parte demandante y apelante en oposición a la moción alega y justifica mediante certificación del Secretario de la Corte de Distrito de Humacao, que presentado oportunamente a esa corte el escrito de exposición del caso, la parte apelada hizo varias enmiendas al mismo que la repetida corte admitió por resolución de 7 de junio de 1913, sin que el nuevo pliego

de exposición del caso con las enmiendas aceptadas fuera hecho hasta el día 3 de diciembre corriente, en cuya fecha el juez le impartió su aprobación para que surtiera sus efectos en el recurso de apelación interpuesto.

En la misma fecha que el escrito de oposición a la moción, fué radicada en esta secretaría la transcripción del récord, o sea en 15 de diciembre corriente en que tuvo lugar la vista de la moción.

Como se ve, la cuestión legal a discutir y resolver en el presente caso es si la resolución judicial de 7 de junio del corriente año, aprobando el pliego de exposición del caso con las enmiendas hechas, debe considerarse como verdadera aprobación legal del escrito de exposición del caso, o si por el contrario la verdadera aprobación legal es la impartida por el juez a dicho pliego en 3 de diciembre corriente.

Opinamos que la cuestión se resuelve por el artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 aprobada en 9 de marzo de 1911.

Dicho artículo prescribe entre otras cosas, que celebrada la comparecencia de las partes para la aprobación del pliego de exposición del caso, la corte, tomando en consideración las manifestaciones hechas por dichas partes y las resultancias del litigio, hará en el mencionado pliego las correcciones que estime oportunas y le impartirá su aprobación; e impartida ésta, certificará el juez al pie del pliego, su contenido, tal como lo haya aprobado, y pasará en tal forma a formar parte del legajo de la sentencia. El récord de la apelación deberá ser archivado en la Secretaría de la Corte Suprema dentro de los 30 días siguientes al en que se haya aprobado el pliego de excepciones y la exposición del caso.

Como se ve, para que pueda aprobarse es menester *que en el pliego se hagan por el juez las correcciones que estime oportunas, habida consideración a las manifestaciones hechas por las partes y a las resultancias del litigio,* y en el presente caso las correcciones propuestas por la parte apelada, a pesar de que fueron aceptadas por la corte, *no fueron hechas en el*

*pliego* hasta el  día 3 de diciembre corriente, fecha en que el juez aprobó la exposición del caso en los siguientes términos:

"Yo, J. A. López Acosta, Juez de la Corte de Distrito del Distrito Judicial de Guayama, P. R.  Certifico: Que fuí el juez que presidió la vista y dictó sentencia en el caso de autos; que lo que antecede es una relación fiel y completa de todos los procedimientos habidos en este caso, y que contiene toda la prueba aportada al mismo; y para que surta sus efectos como tal exposición del caso en la apelación establecida para ante la Hon. Corte Suprema de Puerto Rico, por la parte demandante, le imparto mi aprobación y la firmo en Guayama para Humacao, P. R., hoy día 3 de diciembre de 1913. (Fdo.) J. A. López Acosta, Juez de Distrito.  Attest: (Fdo.) Jesús L. Pereyó, Secretario."

Antes de que fuera enmendado el artículo 299 del Código de Enjuiciamiento Civil dijimos al resolver el caso de *López* v. *The American Railroad Co.,* 11 D. P. R., 154, que cuando las enmiendas al pliego de excepciones han sido definitivamente terminadas, debe hacerse de nuevo el pliego de excepciones con las enmiendas incorporadas al mismo de modo que quede un perfecto pliego de excepciones que pueda ser aprobado por la corte.  Esa doctrina es aplicable al pliego de exposición del caso.  Y al resolver el caso de *Feliú* v. *Nárváez,* 12 D. P. R., 133, dijimos:

"La corte de distrito aprobó la relación de hechos y la exposición del caso, por una resolución dictada en 27 de septiembre de 1906.  Este no es un procedimiento adecuado.  Esos documentos, lo mismo que los pliegos de excepciones, deben ser firmados oficialmente por el juez sentenciador después de haber sido aprobados."

Ya se considere el artículo 299 del Código de Enjuiciamiento Civil tal como quedó enmendado por la ley de 9 de marzo de 1911, ya se tenga en cuenta la jurisprudencia anteriormente establecida por esta Corte Suprema, no contradicha, sino confirmada por dicho artículo, la resolución de la Corte de Distrito de Humacao de 7 de junio del corriente año no cons-

tituye la aprobación de la exposición del caso en forma de certificación y en términos tales que pueda servir de base para la apreciación de los elementos probatorios del juicio. La verdadera aprobación es la contenida en la certificación de 3 de diciembre de 1913 que dejamos transcrita, siendo por tanto esa fecha la que ha de servir de base y no la de 7 de junio para la presentación del récord, el cual por tanto ha sido archivado en la Secretaría de esta Corte Suprema, dentro del término señalado por la ley.

Y la representación de The Fajardo Development Company no puede imputar a la parte apelante negligencia o abandono en la sustanciación del recurso interpuesto, pues si la misma parte apelante no presentó un nuevo pliego de exposición del caso con las enmiendas hechas por el juez, bien pudo la parte apelada apremiar al apelante para la presentación solicitando del juez que le fijara término para ello, como también pudo el juez por sí, confeccionar el pliego con las enmiendas aprobadas, y aun presentarlo la misma parte apelada debidamente enmendado para que le fuera impartida la aprobación judicial.

Por las razones expuestas procede desestimar la moción de la parte demandada y apelada.

*Denegada la moción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de esta moción.